Judge Winch of Eighth Circuit Sitting in Place of Judge Donahue.

STATE EX REL DELAWARE CO. V. LYMAN P. LEWIS ET AL.

DELAWARE CO. (COM.)V. LYMAN P. LEWIS ET AL.

1. **County Auditor Entitled to Four Per Cent. on Omitted Tax Collected though Tax Inquisitor Employed.**
   The county auditor is entitled to four per cent. of the tax collected and paid into the county treasury on property omitted and placed by him upon the duplicate, even though a tax inquisitor has been employed to aid him and furnish him with evidence in the performance of his duty and is paid a percentage by the county.
2. **County Auditor Entitled to Fees for Indexing Commissioners Records.**
   The county auditor is entitled to such fees for indexing the records of county commissioners, as other officers receive for like services.
3. **County Auditor Entitled to Compensation for Assessor's Blanks.**
   The county auditor is entitled to compensation for preparing and supplying to assessors necessary blanks as provided in Sec. 1029 R. S. (Sec. 2577 G. C.)
4. **Action on Bond of an Officer not Maintainable to Recover Money Illegally Drawn from County Treasury.**
   Section 1277 R. S. (Sec. 2921 G. C.), authorizing the county prosecutor, *sua sponte* to begin an action to recover back public moneys illegally drawn out of the county treasury, does not permit him to sue on the bond of the officer who has drawn the money.

ERROR.

## WINCH, J.

These two cases as submitted to the court upon the pleadings and agreed, statement of facts, require answers to the following questions:

1. Is the county auditor entitled to four per cent. of the tax collected and paid into the county treasury on property omitted and placed by him on the tax duplicate, when the tax inquisitor has been employed to aid him and furnish him with evidence in the performance of his duty, the tax inquisitor being paid a percentage by the county?

2. Is the county auditor entitled to fees for indexing the records of the board of county commissioners?

3. Is the county auditor entitled to the same fees for copies of notices to lot owners in ditch cases prepared and delivered by him under Sec. 4451a R. S. (Sec. 6448 G. C. *et seq.*), as he is allowed for the notice to the petitioners?

4. Is the county auditor entitled to compensation for preparing and supplying to assessors necessary blanks as provided in Section 1029, Revised Statutes?

*First.* It is contended by counsel for plaintiff in error that when the Legislature provided for the employment of tax inquisitors it was intended to provide an alternative means whereby tax shirkers might be made to bear their share of public burdens. That it being the duty of the auditor to place omitted property upon the duplicate, to pay him for omitted property discovered by the tax inquisitor would afford the auditor the means of shirking his duty while still enjoying special compensation, and that such a construction would offer a premium for laziness and emasculate the statutes describing the auditor's duties as to omitted property.

With these views we do not agree. The history of tax legislation in Ohio shows that the legislature, within the scope of the constitution, has by its enactment striven to enforce upon the tax duplicate property which has so notoriously escaped taxation in this state. To this end it first provided a special compensation to the auditor for performing his duties with regard to omitted property. It is well known that the auditors throughout the state failed to add much omitted personal property to the duplicate notwithstanding this inducement given to them in the shape of a percentage upon the amounts added. They failed because they did not have the facility or the ability to discover what property was wrongfully withheld from taxation. To provide them with skilled assistants, clerks and attorneys the tax inquisitors were provided for. The results since the tax inquisitors have been at work have been highly satisfactory so far as the taxing authorities have been concerned, notwithstanding the criticism made upon their methods. The auditor formerly did not have the time to investigate as to omitted property and then pass upon the merits of the cases as a *quasi*-judicial officer.

Other county officers are provided with counsel for special

State v. Lewis.

matters.    Even the treasurer, under a recent enactment of the Legislature, can employ counsel for the sale of forfeited lands under foreclosure proceedings, and such counsel can be paid a percentage of that amount of taxes collected, without in any manner diminishing the treasurer's fees.    It seems that on principle the employment of tax inquisitors should be considered an additional and not an alternative means of securing the return of omitted personal property for taxation.

The first question herein stated has recently been answered in the affirmative by Lucas county circuit court in the case of *State* v. *Godfrey*, 24 O. C. C., 455 (4 N. S. 465), Judge Hull delivering the opinion and carefully reviewing the statutes and authorities.    We follow that decision and concur in it on this question.

*Second.*    Is the county auditor entitled to compensation for indexing the records of the commissioners?

Section 850 R. S. (Sec. 2406 G. C. *et seq.*), provides that in counties where no index has been made of the commissioners' records, the commissioners are authorized to cause an index to be made of such past record, for such period of time subsequent to January 1, 1880, as their judgment may determine, and the clerk (county auditor) shall receive for said indexing such compensation as is provided for like services in other cases.

The language of this section seems clear and to require no construction.    The auditor is entitled to such compensation for indexing the records, as is provided for "like services in other cases."    In the case last cited the Lucas county circuit court held that the county auditor is entitled to receive for such acts the same fees as other officers receive for like services, and following that ruling we find that the auditor is entitled to the fees allowed him by the county commissioners for such services.

*Third.*    Is the county auditor entitled to be paid for copies of ditch notice?

Section 4506 R. S. (Sec. 6523 G. C. *et seq.*), allows the county auditor for all notices six cents for each hundred words, but he shall receive no fees for printed notices.

Section 4451a R. S. (Sec. 6448 G. C. *et seq.*) provides that the auditor shall prepare and deliver to the petitioners, or any

one of them, a notice in writing, directed to the lot or land owner and to the corporation either public or private affected by the improvement, setting forth the substance, pendency and prayer of such petition; a copy of that notice shall be served upon each lot and landowner.

We think that this means that the auditor shall prepare one notice, deliver it to the petitioners, and they shall prepare and serve copies of such notices upon the landowners.

In this respect we would follow the judgment below with one modification, that interest is to be computed upon the aggregate amounts unlawfully paid the auditor for copies, only from the date of the filing of the petition, were it not that we are satisfied that the county prosecutor is not entitled to maintain this action, which is a suit on the auditor's bond, there being no presentation of the report by an examining committee appointed by the common pleas court, showing a breach of this bond, as required under Section 1133 R. S. (Sec. 2621 G. C.)

In other words, the prosecutor has assumed that Sec. 1277, R. S. (Sec. 2921 G. C.), authorizing him *sua sponte* to begin an action to recover back public moneys illegally drawn out of the county treasury, permits him to sue on the bond of the officer who has drawn the money.

Such can not be the case. The latter statute limits the discretion of the county commissioners in their administration of the financial affairs of the county, and must be strictly construed. *State* v. *Zumstein,* 2 Circ. Dec. 539 (4 R. 268).

The demurrer raising the question should have been sustained by the court below.

*Fourth.* We think the auditor is entitled to compensation for preparing and supplying to assessors necessary blanks as provided in Sec. 1029 R. S. (Sec. 2577 G. C.)

The judgments in both cases are affirmed as to the four per cent. compensation on omitted property and fees for indexing, and reversed as to compensation for copies of ditch notices and furnishing supplies to assessors.